UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**MICHAEL GRANT DAY**                                              **PETITIONER**

V.                    **NO. 4:18-CV-00070-KGB-JTR**

**BILL GILKEY, Sheriff,**
**Yell County, Arkansas**                                    **RESPONDENT**


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Overview of Allegations and Pending State Court Proceeding

On January 26, 2018, Petitioner, Michael Grant Day ("Day") filed a *pro se* Motion for Writ of Habeas Corpus ("Motion"). *Doc. 2*. Day is *not* challenging a final state court conviction, but instead is complaining about pending and unresolved

state court criminal charges from Yell County Circuit Court.[1] To place Day's habeas allegations in context, it is helpful to summarize the state court proceedings.

Day's Petition and the pleadings from Yell County Circuit Court indicate that Day has been adjudicated mentally unfit to proceed to trial on criminal revocation charges in *State v. Day*, Yell County Circuit Court Case No. 75SCR-15-89 ("the state court revocation charges"). A closer review of the pleadings reveals that: (1) on August 18, 2016, Day was sentenced to 36 months' probation following Day's negotiated guilty plea to a felony charge of possession of a controlled substance; (2) on June 14, 2017, the State filed a Petition to Revoke Day's Probated Sentence, contending that Day had violated the terms of his probation; (3) on October 5, 2017, an Order was entered finding reasonable suspicion to believe that Day might not be fit to proceed and directing that he undergo a mental evaluation; (4) on December 7, 2017, a Not Fit to Proceed Commitment Order was entered committing Day to the custody of the Arkansas State Hospital "for detention, care and treatment until restoration of fitness to proceed."[2]; and (5) a status review is scheduled for June 7,

---

[1] A court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal district court may take judicial notice of proceedings from another federal district court).
   The pleadings from the pending state criminal case against Day are available through the Arkansas courts' website. *See* https://caseinfo.aoc.arkansas.gov.

[2] The effect of the Not Fit to Proceed Order was to suspend the pending state criminal case. *See* Ark. Code Ann. § 5-2-310(a)(1)(A) (Supp. 2017). The criminal proceeding may be

2018. Thus, Day is being held pursuant to a state court Commitment Order in connection with ongoing state court revocation charges.³

Day's Petition alleges that he is entitled to habeas relief because: (1) "on July 6, 2017, the Yell County Court exceeded well beyond 30 days to violate me"; (2) "Office Scott Franks stated he did not have any physical evidence such as photos, video, audio, fingerprints;" and (3) the mental evaluation finding Day unfit to stand trial was flawed.⁴ *Doc. 1 at 5-6, 20.*

On February 14, 2018, the Court directed service of the Petition. *Doc. 4.*

---

resumed if the state court determines that Day "has regained fitness to proceed." Alternatively, the pending charges may be dismissed if the state court determines, at some future point in time, that "so much time has elapsed since the alleged commission of the offense in question that it would be unjust to resume the criminal proceeding." Ark. Code Ann. § 5-2-310(c)(2).

³ Because Day seeks habeas relief in connection with pending and unresolved state court revocation charges, his habeas Petition, although characterized as being filed pursuant to 28 U.S.C. § 2254, will be construed as seeking relief under 28 U.S.C. § 2241. *See Gaster v. South Carolina Dept. of Corrections*, 67 Fed.Appx. 821 at *1 n. * (4th Cir.2003) (noting that "Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, [it was] properly characterized it as a petition under 28 U.S.C. § 2241."); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal court's jurisdiction over pretrial habeas petition is under § 2241(c)(3)); *compare Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254, no matter how pleadings are styled; rejecting state prisoner's contention that his petition should be classified as § 2241 petition).

⁴ Day also contends that being labeled has having a mental disease "is like denying that God exist!!!" *Doc. 1 at 20.*
Day also suggests this Court should direct "the Yell County Court's System [to] undergo a mental evaluation." Such relief is beyond the power of this Court.
Finally, Day's Petition also includes a lengthy description of his version of the domestic altercation with his mother leading to the probation revocation charges, a copy of the affidavit for arrest warrant, the arrest warrant and other miscellaneous papers from the state court revocation proceeding.

On March 13, 2018, Respondent Gilkey filed a Response. *Doc. 5.* Respondent argues that: (1) Day was admitted to the Arkansas State Hospital on March 7, 2018, making the Petition moot as to Gilkey; and (2) the Petition should be dismissed for failure to exhaust his administrative remedies.

For the reasons explained below, the Court concludes that Day's habeas Petition should be dismissed for failure to allege a cognizable federal claim and to exhaust his state court remedies.

## II. Discussion

In reviewing a federal habeas petition, a court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243.

**State law issues not cognizable**

Generally, state law issues cannot be raised in a federal habeas petition. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); ); accord *Swarthout v. Cooke,* 562 U.S. 216, 131 S.Ct. 859, 861 (2011). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle,* 502 U.S. at 67–68.

Thus, this Court is without power to adjudicate alleged errors of state law that do not rise to the level of a constitutional violation. Even assuming, however, that Day had alleged a violation of a federal right within the power of this Court to address, dismissal would still be appropriate.

**Failure to Exhaust**

Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaust[t] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). State remedies are *not* exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement imposes on state prisoners the obligation, *before* seeking federal habeas relief, to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The exhaustion requirement applies to § 2241 habeas petitions challenging a *pending or future* state criminal conviction, as well as habeas petitions challenging a final state court conviction. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981). In addition, "[a]bsent

5

extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco*, 649 F.2d at 636 (*quoting Wingo v. Ciccone*, 507 F.2d 34, 357 (8th Cir. 1974)).

Because the criminal revocation charges are still pending and unresolved, Day has the opportunity to litigate in state court any federal constitutional claims, including challenging the Yell County Circuit Court's Commitment Order.[5]

As to any federal claims that might be cognizable in this Court, Day has failed to demonstrate that existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with a pending state court judicial proceeding. Thus, Day's habeas Petition should be dismissed, without prejudice. Day is free to file a new Petition for Writ of Habeas Corpus, *in a new action*, after he fully exhausts his remedies at every level of the state court system.

---

[5] Arkansas law provides that "[i]f the finding of the report is contested, the court shall hold a hearing on the issue of the defendant's fitness to proceed." Ark. Code Ann. § 5-2-309(c) (Supp. 2017). From a review of the docket in the revocation proceeding, it does not appear that Day has ever attempted to contest the Yell County Circuit Court's finding on Day's lack of competency.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Michael Day's Petition for Writ of Habeas Corpus, Doc. *No. 1*, be DENIED, and that the case be DISMISSED in its entirety, without prejudice.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 5th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE